DANIEL J. MIRON, District Attorney, Marinette County
You request my opinion whether a governmental body can call a closed meeting without giving notice to the members of the news media who have filed written request for notice under sec. 66.77 (2) (e), Stats., created by ch. 297, Laws of 1973.
It is my opinion that it can. This opinion assumes that the purpose for which such meeting is called is within the exceptions set forth in *Page 471 
sec. 66.77 (4), Stats., and that discussion is limited to matters which can be considered at a closed session. This opinion further assumes that there is no express statute relating to the particular governmental body involved which would require some form of public notice for any meeting.
Section 66.77 (8), Stats., provides for a forfeiture for "any member of a governmental body who knowingly attends a meeting at which a violation of this section occurs." Since the statute contains a penalty, its provisions are to be strictly construed.
Section 66.77 (2) (a), (b), (d), (e), (3), (4), (5), Stats., provides, in part:
"(2) In this section:
"(a) `Closed session' means any meeting not an open session.
 "(b) `Meeting' means the convening of a governmental body in a session such that the body is vested with authority, power, duties or responsibilities not vested in the individual members.
"***
 "(d) `Open session' means a meeting which is held in a place reasonably accessible to members of the public, which is open to all citizens at all times, and which has received public notice.
 "(e) `Public notice' means statutorily required notice, if any. If no notice is required by statute, it means a communication by the chief presiding officer of a governmental body or his designee, to the public and to the official municipal or city newspaper designated under s. 985.05 or 985.06, or if none exists, then to members of the news media who have filed a written request for such notice, which communication is reasonably likely to apprise members of the public and of the news media of the time, place and subject matter of the meeting at a time, not less than one hour prior to the commencement of such meeting, which affords them a reasonable opportunity to attend.
 "(3) Except as provided in sub. (4), all meetings of governmental bodies shall be open sessions. No discussion of any matter shall be held and no action of any kind, formal or *Page 472 
informal, shall be introduced, deliberated upon, or adopted by a governmental body in closed session, except as provided in sub. (4). Any action taken at a meeting held in violation of this section shall be voidable.
 "(4) A governmental body may convene in closed session for purposes of:
"*** [(a) through (h) not quoted]
 "(5) No motion to hold a closed session or to adjourn an open session into a closed session shall be adopted unless the chief presiding officer announces to those present at the meeting at which such motion is made the general nature of the business to be considered at such closed session, and no other business shall be taken up at such closed session. No governmental body shall commence an open session, subsequently recess into a closed session, and subsequently reconvene into an open session within a 12-hour period, unless public notice of such subsequent open session was given at the same time and in the same manner as the public notice of the initial open meeting." (Emphasis added.)
Subsection (5) contemplates that the governmental body can by motion made and passed determine to hold a closed session. I am of the opinion that such procedure is not the exclusive means by which a closed session may be called. Some governmental bodies are required by special statute to call meetings in a specified manner. Other governmental bodies generally meet on call of their chief presiding officer.
Whereas public notice in the form specified in sec. 66.77 (2) (e), Stats., is required for open sessions, and whereas sec. 66.77 (5), Stats., requires the chief presiding officer to announce "to those present at the meeting at which such motion is made the general nature of the business to be considered at such closed session," there appears to be no language which prohibits the convening of a governmental body into a closed session for proper purpose, on call of the presiding officer or other duly authorized officer, on a date when no open session is being held prior to the closed session, and there is no language which requires that notice of such meeting and the matter to be discussed be given to the public or to news media. *Page 473 
If the legislature had intended that notice of closed meetings be given to the public and news media in such instances, it could have expressly provided therefor.
In most instances, it may be advisable to give public notice, and notice to the news media of the time, place and subject matter of the proposed closed session, and I commend such practice.
RWW:RJV